UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROBERT HENDRIX,

          Plaintiff,

-vs-                                       Case No.  5:06-cv-267-Oc-10GRJ

JAMES McDONOUGH, SECRETARY,
FLORIDA DEPARTMENT OF
CORRECTIONS,

          Defendant.
_____/

## **O R D E R**

This is a capital habeas proceeding brought under 28 U.S.C. § 2254.  The Court has jurisdiction and the Petition (Doc.1) is timely.  No evidentiary hearing is necessary.  The claims present issues of law that can be decided on the basis of the record developed in the state courts.

The Petitioner, facing trial for burglary, brutally murdered his accomplice in the burglary, Elmer Scott, to prevent Scott from testifying as a witness for the State at the Petitioner's trial.  Because she was present and resisted, the Petitioner also murdered Scott's wife Michelle.  The manner and means of her murder was equally vicious.  These violent crimes were perpetrated in the Scott's home in August 1990.  The Petitioner was arrested, charged, tried, and convicted of both murders.  The evidence was overwhelming and there is no serious suggestion of factual innocence.  He was sentenced to death in November 1991, based on the jury's unanimous recommendation.  He appealed,[1] later

---

[1] Hendrix v. State, 637 So. 2d 916 (Fla. 1994), cert. denied, 513 U.S. 1004, 115 S. Ct. 520, 130 L. Ed. 2d 425 (1994).

sought collateral review in the state courts[2] and, being unsuccessful, then filed his § 2254 petition in this Court.

The Petition presents thirteen claims. The Court has carefully reviewed each of them. None has any merit. In fact, the Petition, including the supporting memorandum filed with it, is subject to summary dismissal as a matter of law on the ground of facial insufficiency. Not once in a total of 143 pages does the Petitioner cite or present any argument concerning the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)![3] As such, there is no discussion as to whether the state courts' resolution of the Petitioner's claims were "contrary to" United States Supreme Court precedent or involved an "unreasonable application" of such precedent. See Williams v. Taylor, 529 U.S. 362, 379, 129 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). Additionally, the State contends that claims two, three, seven, eight, nine, and ten are procedurally defaulted.

Nevertheless, for such benefit as it may be to the court of appeals in conducting de novo review, the Court will state - seriatim - without extensive elaboration its reason(s) for rejecting each claim.

---

[2] Hendrix v. State, 908 So. 2d 412 (Fla. 2005).

[3] The court sympathizes with the plight of lawyers representing death row inmates in collateral post conviction proceedings in which an Anders brief might well be appropriate but for the specter of the death penalty. Such thankless representation exemplifies the highest ideals of the practice of law as a profession of public service. But there is a point at which the presentation of arguments that are not only devoid of precedent but actually ignore settled law is a disservice to the court, a disservice to the profession, and, most importantly, is a potential disservice to the client, who's claim, if he has any colorable claim at all, may well be obscured by the meritless package that contains it.

I.   Refusal of the Trial Court Judge to Recuse Himself

As a practicing lawyer, before he assumed the bench, the trial judge had been consulted and had given informal, uncompensated advice to another lawyer who was representing the Petitioner's girlfriend. The girlfriend later testified against Hendrix at trial. The trial judge refused to disqualify himself on these facts, and the Petitioner argued to the Supreme Court of Florida on his direct appeal that such refusal violated the rule of Gardner v. Florida, 430 U.S. 349, 97 S. Ct. 1197, 51 L. Ed. 2d 393 (1977), dealing with consideration of non-record evidence in imposing sentence. The Supreme Court of Florida cited, considered, and distinguished Gardner (Hendrix, 637 So. 2d at 920) and the Petitioner has made no argument - much less has he demonstrated - that the Florida Court's decision concerning Gardner was either "contrary to" or an "unreasonable application" of Supreme Court precedent. See § 2254; Williams, 529 U.S. at 379.

II.  The Trial Judge's Knowledge of Facts Outside the Record

The Florida Supreme Court expressly declined to consider this claim, finding it to be procedurally barred because it was never presented to the trial court, on direct appeal, or in the Petitioner's 3.850 motion for post-conviction relief. The claim is, therefore, procedurally barred in this Court as well. See Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). In any case, this claim is frivolous because it is predicated on the contention that the trial judge presided in a separate case against one of the State's witnesses and gained "outside the record" knowledge about the witness' status as an informant and his plea bargain with the State. See United States v. Bailey,

175 F.3d 966, 968-69 (11th Cir. 1999); Jaffe v. Grant, 793 F.2d 1182, 1188-89 (11th Cir. 1986).

III.   Shackling of the Petitioner at Trial

This claim was also found by the Florida Supreme Court to be procedurally barred. Accordingly, it cannot be considered in this proceeding. See Coleman, 501 U.S. at 750. To the extent that this claim is based upon a claim of ineffective assistance of counsel, and not procedurally barred, the Petitioner has not demonstrated that the state courts' resolution of the claim was "contrary to" Supreme Court precedent or involved an "unreasonable application" of such precedent. See § 2254; Williams, 529 U.S. at 379.

IV.   Ineffective Assistance of Counsel

Relying upon Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Petitioner raises allegations of ineffective assistance of counsel at both the guilt and penalty phases of trial. In denying this claim in the Petitioner's appeal from the denial of post-conviction relief, the Florida Supreme Court made thorough findings of fact supported by the record, recognized Strickland as the prevailing law, and reasonably applied that precedent. Hendrix, 908 So. 2d at 419-23. Accordingly, the Petitioner has not demonstrated that the state courts' resolution of the Petitioner's claim was "contrary to" Supreme Court precedent or involved an "unreasonable application" of such precedent. See § 2254; Williams, 529 U.S. at 379.

V.  Failure to Disclose Impeachment Evidence

Relying upon Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), the Petitioner raises the allegation that the State failed to disclose impeachment evidence related to a witness who testified during the guilt phase of the Petitioner's trial. In denying this claim in the Petitioner's appeal from the denial of post-conviction relief, the Florida Supreme Court made thorough findings of fact supported by the record, recognized Brady as the prevailing law, and reasonably applied that precedent. Hendrix, 908 So. 2d 423-25. Accordingly, the Petitioner has not demonstrated that the state courts' resolution of the Petitioner's claim was "contrary to" Supreme Court precedent or involved an "unreasonable application" of such precedent. See § 2254; Williams, 529 U.S. at 379.

VI. Denial of Motion to Strike Jury Panel

The Petitioner's sixth ground for relief is based upon the allegation that Lake County, Florida's practice of selecting venirepersons from the County's voter registration lists resulted in an impermissible underrepresentation of African-Americans in the pool from which the jury was selected. The Petitioner's claim is both a fair-cross section claim and an equal protection claim. In denying this claim in the Petitioner's direct appeal, the Florida Supreme Court relied upon its decision in Bryant v. State, 386 So. 2d 237 (1980), in which that court upheld the State of Florida's jury selection statute - Florida Statutes section 40.01 - and found that voter registration lists are a permissible means of selecting venirepersons, even where minor variations between the number of residents and registered voters exist. Although the Petitioner has alleged a discrepancy between the proportion of African-

Americans in Lake County and the proportion of African-Americans on that County's voter registration lists, the Petitioner relies solely upon that proportional underrepresentation in making his argument and, in doing so, wholly fails to show that "this underrepresentation is due to systematic exclusion of the group in the jury selection process." Duren v. Missouri, 439 U.S. 357, 364, 99 S. Ct. 664, 58 L. Ed. 2d 579 (1979). Similarly, the Plaintiff fails to show that the selection procedure is "susceptible of abuse or is not racially neutral." Castaneda v. Partida, 430 U.S. 482, 494, 97 S. Ct. 1272, 51 L. Ed. 2d 498 (1977). Accordingly, the Petitioner has not demonstrated that the state courts' resolution of the Petitioner's claim was "contrary to" Supreme Court precedent or involved an "unreasonable application" of such precedent. See § 2254; Williams, 529 U.S. at 379.

VII.    Denial of Motion for Mistrial - Inappropriate Comments by the Prosecutor

The Petitioner's seventh ground for relief, based upon the allegation that inappropriate comments made by the prosecutor during opening statement and closing argument rendered the trial fundamentally unfair, was considered on direct appeal by the Florida Supreme Court, which found - without elaboration - that any inappropriate comments were harmless. Hendrix, 637 So. 2d at 921 n. 6. It is clear that due to the overwhelming evidence of guilt in this case, there is no "reasonable probability that, but for the offending remarks, the defendant would not have been convicted." United States v. Rodgers, 981 F.2d 497, 499 (11th Cir. 1993) (citing Donnelly v. DeChristoforo, 416 U.S. 637, 643, 94 S. Ct. 1868, 40 L. Ed. 2d 431 (1974)). Accordingly, the Petitioner has not demonstrated that the state courts' resolution of the Petitioner's claim was "contrary to"

Supreme Court precedent or involved an "unreasonable application" of such precedent. See § 2254; Williams, 529 U.S. at 379. Alternatively, the Petitioner procedurally defaulted this ground for relief because although on direct appeal in state court he named several constitutional amendments in the title to this claim, it was not presented and argued as a violation of his federal constitutional rights but, instead, as a violation of state law and, thus, the Petitioner did not "fairly present" this federal claim to the state court. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Anderson v. Harless, 459, U.S. 4, 6, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982).

VIII.   Denial of Motion for Mistrial - Emotional Testimony by Victim's Father

The Petitioner's eighth ground for relief, based upon the allegation that the trial court's decision to allow the emotional testimony of the victim's father was unduly prejudicial and rendered the trial fundamentally unfair, was considered on direct appeal by the Florida Supreme Court, which found - without elaboration - that this claim was without merit. Hendrix, 637 So. 2d at 921 n. 6. Here, the Petitioner has established neither that the trial court's ruling allowing the victim's testimony was improper, nor that the testimony was "material in the sense of a crucial, critical, highly significant factor." Mills v. Singletary, 161 F.3d 1273, 1289 (11th Cir. 1998), cert. denied 528 U.S. 1082, 120 S. Ct. 804, 145 L. Ed. 2d 677 (2000) (citations omitted). Accordingly, the Petitioner has not demonstrated that the state courts' resolution of the Petitioner's claim was "contrary to" Supreme Court precedent or involved an "unreasonable application" of such precedent. See § 2254; Williams, 529 U.S. at 379. Alternatively, the Petitioner procedurally defaulted this ground

for relief because although on direct appeal in state court he named several constitutional amendments in the title to this claim, it was not presented and argued as a violation of his federal constitutional rights but, instead, as a violation of state law and, thus, the Petitioner did not "fairly present" this federal claim to the state court. See Duncan, 513 U.S. at 365-66; Anderson, 459 U.S. at 6.

IX.     Admission of Crime Scene Photographs

The Petitioner's ninth ground for relief, based upon allegations that the trial court's decision to admit crime scene photographs of the victims was unduly prejudicial and rendered the trial fundamentally unfair, was considered on direct appeal by the Florida Supreme Court, which found - without elaboration - that this claim was without merit. Hendrix, 637 So. 2d at 921 n. 6.  Here, the Petitioner has established neither that the trial court's ruling admitting the photographs was improper, nor that the photographs were "material in the sense of a crucial, critical, highly significant factor." Mills, 161 F.3d at 1289. Accordingly, the Petitioner has not demonstrated that the state courts' resolution of the Petitioner's claim was "contrary to" Supreme Court precedent or involved an "unreasonable application" of such precedent. See § 2254; Williams, 529 U.S. at 379.  Alternatively, the Petitioner procedurally defaulted this ground for relief because although on direct appeal in state court he named several constitutional amendments in the title to this claim, it was not presented and argued as a violation of his federal constitutional rights but, instead, as a violation of state law and, thus, the Petitioner did not "fairly present" this federal claim to the state court. See Duncan, 513 U.S. at 365-66; Anderson, 459 U.S. at 6.

8

X.  Denial of Motion for Judgment of Acquittal

The Petitioner's tenth ground for relief, based upon the allegation that the trial court erred in denying the Petitioner's motion for judgment of acquittal in regards to a count of conspiracy because the evidence was insufficient to support the Petitioner's conviction on that count, relates to a question of state law and, as such, this Court's review of an error of state law is limited to whether the error was "so unprincipled or arbitrary as to somehow violate the United States Constitution." See Gore v. Dugger, 763 F. Supp. 1110, 1121 (M.D. Fla. 1989) (quoting Barclay v. Florida, 463 U.S. 939, 947, 103 S. Ct. 3418, 77 L. Ed. 2d 1134 (1983)).  More specifically, the Petitioner has not demonstrated that the state courts' resolution of the Petitioner's claim was "contrary to" Supreme Court precedent or involved an "unreasonable application" of such precedent.  See § 2254; Williams, 529 U.S. at 379.  Alternatively, the Petitioner procedurally defaulted this ground for relief because on direct appeal in state court he did not plead this claim as a federal constitutional violation.  See Duncan, 513 U.S. at 365-66; Anderson, 459 U.S. at 6.

XI. Instruction to Jury on Aggravating Circumstances

The Petitioner's eleventh ground for relief, based upon the refusal of the trial judge to give a requested limiting instruction regarding the aggravating circumstances of "cold, calculated, premeditated" and "heinous, atrocious and cruel," relates to a question of state law and, as such, this Court's review of an error of state law is limited to whether the error was "so unprincipled or arbitrary as to somehow violate the United States Constitution." See Gore, 763 F. Supp. at 1121 (quoting Barclay, 463 U.S. at 947).  In addition, to the

extent that the Petitioner has raised a federal issue by his reliance on Espinosa v. Florida, 505 U.S. 1079,112 S. Ct. 2926, 120 L. Ed. 2d 854 (1992) and Hodges v. Florida, 506 U.S. 803, 113 S. Ct. 33, 121 L. Ed. 2d 6 (1992), the Court agrees with the Florida Supreme Court that: (1) any error in the "cold, calculated, premeditated" instruction was harmless in light of the evidence against the Petitioner; and (2) the "heinous, atrocious and cruel" instruction properly defined and limited that aggravator. See Proffitt v. Florida, 428 U.S. 242, 255-56, 96 S. Ct. 2960, 49 L. Ed. 2d 913 (1976); Bell v. Cone, 543 U.S. 447, 458, 125 S. Ct. 847, 160 L. Ed. 2d 881 (2005). More specifically, the Petitioner has not demonstrated that the state courts' resolution of the Petitioner's claim was "contrary to" Supreme Court precedent or involved an "unreasonable application" of such precedent. See § 2254; Williams, 529 U.S. at 379.

XII. Assertion that the Cold, Calculated, Premeditated Aggravating Circumstance is Arbitrary and Capricious

The Petitioner's twelfth ground for relief, based upon the argument that Florida's death penalty statute is unconstitutional because the cold, calculated, premeditated aggravating circumstance is arbitrary and capricious, relates to a question of state law and, as such, this Court's review of an error of state law is limited to whether the error was "so unprincipled or arbitrary as to somehow violate the United States Constitution." See Gore, 763 F. Supp. at 1121 (quoting Barclay, 463 U.S. at 947); see also Clemons, 494 U.S. at 752. In addition, to the extent that the Petitioner has raised a federal issue by his reliance on Espinosa and Hodges, the Court agrees with the Florida Supreme Court and concludes

that any error in the "cold, calculated, premeditated" instruction was harmless beyond a reasonable doubt in light of the evidence against the Petitioner.  Accordingly, the Petitioner has not demonstrated that the state courts' resolution of the Petitioner's claim was "contrary to" Supreme Court precedent or involved an "unreasonable application" of such precedent.  See § 2254; Williams, 529 U.S. at 379.

XIII.   Assertion that the Heinous, Atrocious and Cruel Aggravating Circumstance is Unconstitutionally Vague

The Petitioner's thirteenth ground for relief is based upon the argument that Florida's death penalty statute is unconstitutional because the heinous, atrocious and cruel aggravating circumstance is unconstitutionally vague.  As already stated, the trial court gave an instruction that appropriately defined and limited this aggravator. See Proffitt, 428 U.S. at 255-56; Cone, 543 U.S. at 458.  More specifically, the Petitioner has not demonstrated that the state courts' resolution of the Petitioner's claim was "contrary to" Supreme Court precedent or involved an "unreasonable application" of such precedent. See § 2254; Williams, 529 U.S. at 379.

Accordingly, upon due consideration, Robert Hendrix's Petition for Habeas Corpus (Doc. 1) is DENIED.  The Clerk is directed to enter final judgment denying the Petition with prejudice.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 1st day of May, 2007.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record